CRUZ, PLAINTIFF AND APPELLANT, v. MARTÍNEZ, DEFENDANT
AND APPELLEE.

APPEAL from the District Court of Ponce in an Action for
Rescission of Contract.

No. 2152.—Decided January 31, 1921.

RESCISSION OF OBLIGATION—RESTITUTION—PLEADING—PRESUMPTION. — When an
action for rescission is brought under section 1091 of the Civil Code the
plaintiff need not allege that the thing which he seeks to recover is in the
possession of the defendant, for, if it is not, that fact is a defense to be
pleaded and proved by the defendant, who knows of it, and not by the plain-
tiff, who, in accordance with subdivision 31 of section 102 of the Law of
Evidence, has a right to presume that the thing received by the defendant
continues in his possession until the contrary is shown.

ID.—ID.—ID.—When an action for rescission is brought under section 1091 of the
Civil Code the plaintiff is not bound to allege and prove that he has no other
legal remedy for obtaining reparation of the damage, for the law gives him
the right to elect between the performance or the rescission of the contract.

The facts are stated in the opinion.

*Mr. C. Brunet* for the appellant.

*Messrs. L. de Tord* and *Zayas Pizarro* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

This is an action for the rescission of a contract for the
exchange of two iron safes between Luis de la Cruz, of whom
the plaintiff is the assignee, and Lorenzo Martínez Noriega
on the ground that the latter failed to pay the sum of two
hundred and fifty dollars to Luis de la Cruz as the difference
between the values of the two safes.

From the allegations of the complaint, slightly modified
by the evidence produced by the plaintiff at the trial, it ap-
pears that the contract of exchange was entered into between
Luis de la Cruz and Lorenzo Martínez Noriega in January,
1915, Luis de la Cruz delivering to Martínez Noriega a safe
valued at three hundred dollars and Martínez Noriega de-
livering to Luis de la Cruz another safe valued at fifty dol-
lars, Martínez Noriega therefore owing to Luis de la Cruz
the difference of two hundred and fifty dollars, which he has

not paid, and three dollars for the transportation of the safe delivered to him; that the partnership Successors of Luis de la Cruz, Ltd., of which Luis de la Cruz was a managing partner, was dissolved by a public instrument of April 12, 1915, the whole capital of the partnership being awarded to Luis de la Cruz, including the outstanding accounts and cash on hand, he remaining as the sole owner and liquidator of the assets and liabilities of the partnership; that according to the books of the said partnership Lorenzo Martínez Noriega was its debtor in the sum of three hundred dollars for a safe and three dollars for cash paid for its transportation, he being credited with fifty dollars for another safe; that Luis de la Cruz assigned to Manuel de la Cruz the account of two hundred and fifty dollars which he had against Lorenzo Martínez Noriega for the exchange of the safes, for this credit and others were awarded to Manuel de la Cruz in payment of his share upon his retiring from the partnership of Successors of Luis de la Cruz, Ltd., of which he also had been a member.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer having been overruled, he filed an answer in which he merely denied the allegations of the complaint. Judgment was consequently entered sustaining a motion for a nonsuit and dismissing the complaint with costs against the plaintiff, who took the present appeal.

The ground of the motion for a nonsuit was that the evidence was insufficient because it was not alleged and proved that the safe sought to be recovered by the plaintiff was in the possession of the defendant and because the action for rescission being a subsidiary one, it was not alleged and proved that the plaintiff had no other legal remedy for the reparation of the damage, according to section 1261 of the Civil Code.

The first ground alleged by the appellant in support of

the appeal is that the court erred in sustaining the defend-
ant's motion for a nonsuit for insufficiency of the evidence
in that it was necessary to prove that the safe sued for was
in the possession of the defendant and that the plaintiff had
no other legal remedy to obtain reparation of the damage,
the action being a subsidiary one.

And he alleges in support of the appeal that sections 1091
and 1261 of the Civil Code were violated because the former
was not applied and the latter was improperly applied.

These sections read as follows:

"Section 1091.—The right to rescind the obligations is considered
as implied in mutual ones, in case one of the obligated persons does
not comply with what is incumbent upon him.

"The person prejudiced may choose between exacting the fulfil-
ment of the obligation or its rescission, with indemnity for damages
and payment of interest in either case.   *   *   *  "

"Section 1261.—The action for rescission is a subsidiary one; it
may be enforced only when the person injured has no other legal
remedy to obtain reparation for the injury."

In the contract of exchange in question defendant Lorenzo
Martínez Noriega did not perform his obligation of paying
to Luis de la Cruz the sum of two hundred and fifty dollars as
the difference between the values of the two safes exchanged;
therefore Manuel de la Cruz, as assignee of Luis de la Cruz,
could elect between demanding the rescission of the contract
and the performance of the obligation by the defendant.
The statute leaves no doubt as to that matter.

And it can not be held that in order that his action may
prosper the plaintiff must prove that the safe sued for was
in the possession of the defendant, for if it were not and
the defendant was therefore unable to restore it, he could
and should have so alleged in his answer to the complaint.
This was a matter of defense, as involving a fact within the
knowledge of the defendant and not of the plaintiff.  Sub-
division 31 of section 102 of the Law of Evidence, which

establishes the presumption that "a thing once proved to exist continues as long as is usual with things of that nature," is applicable to this case, it being a legal consequence that as the defendant had received the safe, it is to be presumed that it continued in his possession until the contrary was shown. See the case of *Fulladosa* v. *Castro*, 27 P. R. R. 644.

Nor was the burden upon the plaintiff to prove, according to said section 1261 of the Civil Code, that he had no other legal remedy to obtain reparation for the damage, for that section confers upon the plaintiff the right to elect between the rescission of the contract and the performance of the defendant's obligation, and if the theory of the appellee should be sustained, the person damaged would be precluded from demanding the rescission of the obligation when he is entitled to demand its performance, thus rendering ineffective the provision of section 1091 which gives him the right of electing between the rescission of the contract and its performance. In commenting on section 1291 of the Spanish Civil Code (section 1258 of the revised Civil Code), which after enumerating various rescindable contracts provides for the rescission of any others specially determined by law, Manresa says that to these other cases application is hardly possible of the chapter on the rescission of contracts when election is given between an action for rescission and any other action. In the present case, as we have said, the plaintiff could elect between the rescission of the contract and its performance, and in the exercise of that right he elected its rescission.

The plaintiff made out a *prima facie* case; therefore the motion for a nonsuit, which is similar to a demurrer to the evidence, should have been overruled. *Méndez* v. *Banco Comercial*, 26 P. R. R. 586.

Besides, the motion for a nonsuit was partly based on the insufficiency of the complaint, and that pleading can

not be directly attacked by such a motion, which must be directed solely to the evidence. *Príncipe* v. *American Railroad Company,* 22 P. R. R. 282.

For the foregoing reasons it is necessary to conclude that the District Court of Ponce erred in sustaining the motion for a nonsuit made by the defendant; therefore its ruling to that effect, as well as the judgment appealed from which dismissed the complaint, must be reversed, with costs to the plaintiff, and the case remanded to the said court for further proceedings not inconsistent with the principles laid down herein.

*Reversed and remanded.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.